UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO GIL,<br><br>   Petitioner,<br><br>  v.<br><br>PATRICK COVELLO,<br><br>   Respondent. | Case No. 19-cv-03510-WHO (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## INTRODUCTION

Petitioner Armando Gil seeks federal habeas relief from the state's denial of time credits, its denial of family visitation privileges, and his attorney's alleged ineffectiveness. His claims lack merit. The claim that he was denied time credits is denied because it concerns a matter of state law, and is therefore not within the purview of a federal habeas court. The Eighth Amendment claim regarding family visitation privileges also is not a proper habeas claim because it relates to the conditions of confinement, not the duration of his sentence. Even if the Eighth Amendment claim could be adjudicated here, it would fail because Gil's sex crime conviction renders him ineligible for family visitation privileges under state regulations. Finally, his claim that his counsel was ineffective lacks merit because is it based on incorrect facts. The petition is DENIED.

## BACKGROUND

Gil's habeas claims arise from two separate convictions in state court, one in 2011 and the other in 2014. In 2011, Gil was convicted by a Marin County Superior Court jury of making criminal threats. (Ans., Abstract of Judgment, Dkt. No. 14-1.) At the same proceeding, he pleaded guilty to unlawful sexual intercourse with a minor (Cal. Penal

1   Code § 261.5).  (*Id.*)  He received a sentence of three years and eight months (*Id.*)

2   In 2013, Gil was convicted by a Marin County Superior Court jury of two counts of

3   attempted murder and active participation in a criminal street gang.  (*Id.*, State Appellate

4   Opinion, Dkt. No. 11 at 10-11.)  The jury found true an allegation that the murders were

5   committed for the benefit of a street gang.  (*Id.* at 11.)  In 2014, a sentence of two life

6   terms with the possibility of parole, plus a term of three years, was imposed.  (*Id.*)

7   Gil appealed his 2014 convictions.  (*Id.*)  The state appellate court stayed the three-

8   year term related to the gang offense, but otherwise affirmed the trial court's judgment.

9   (*Id.* at 91.)

10   In 2018, Gil filed a petition in the state supreme court in which he raised the claims

11   he raises here in his federal petition.  (*Id.*, Dkt. No. 14-10.)  The petition was summarily

12   denied.  (*Id.*, Dkt. No. 14-11.)

13   Gil then filed the present federal habeas action that contained three claims.

14   Respondent moved to dismiss.  (Mot. to Dismiss, Dkt. No. 11.)  The motion was granted in

15   part and denied in part. (Dkt. No. 12.)  Respondent then filed an answer.  (Dkt. No. 13.)

16   In 2018 Gil's inmate grievance regarding the denial of family visitation privileges

17   was denied.  (Ans., Third Level Appeal Decision, Dkt. No. 14-8 at 2-3.)

18   Gil's claims for federal habeas relief are (i) the California Department of

19   Corrections and Rehabilitation (CDCR) misinterpreted his 2014 abstract of judgment as

20   containing a strike conviction for making criminal threats and then, based on this

21   misinterpretation, denied him time credits he was entitled to under Proposition 57;

22   (ii) the CDCR improperly denied him family visits based on a misreading and

23   misapplication of an abstract of judgment; and (iii) counsel in his 2013 trial was ineffective

24   in objecting to a prior strike allegation.  (Pet., Dkt. No. 1 at 5, 7-14.)

25   Respondent has filed an answer addressing the merits of the claims.  Gil has not

26   filed any response to the answer.

## STANDARD OF REVIEW

28   Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), this

2

Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

## DISCUSSION

### I. TIME CREDITS UNDER PROPOSITION 57

Gil claims that the CDCR denied him time credits that he is owed under Proposition 57 and will affect his future parole hearing date. (Pet., Dkt. No. 1 at 7-12.) He contends that the CDCR misread the 2014 abstract of judgment as containing a strike conviction.

3

(*Id.* at 7.)

In 2016, California voters approved Proposition 57, which requires that "[a]ny person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. Art. I, § 32(a)(1). Under § 32, "The Department of Corrections and Rehabilitation shall have authority to award credits earned for good behavior and approved rehabilitative or educational achievements." This authority "includes authority not to award credits or to award fewer credits than the statutes currently require." *Brown v. Superior Court*, 63 Cal. 4th 335, 359 (2016) (dis. op. of Chin, J.). In response to Proposition 57, "the CDCR issued new regulations that governed the ability of inmates to earn custody credits to advance their parole dates." *People v. Contreras*, 4 Cal. 5th 349, 374 (Cal. 2018), as modified (Apr. 11, 2018)). The award of good conduct time credits "shall advance an inmate's release date if sentenced to a determinate term or advance an inmate's initial parole hearing date pursuant to subdivision (a)(2) of section 3041 of the Penal Code if sentenced to an indeterminate term with the possibility of parole." 15 Cal. Code Regs., § 3043.2 (b).

Gil's claim was summarily denied by the state supreme court. (Ans., Dkt. No. 14-11.) When presented with a state court decision that is unaccompanied by a rationale for its conclusions, a federal court must conduct an independent review of the record to determine whether the state-court decision is objectively unreasonable. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). This review is not de novo. "[W]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

Habeas relief is not warranted. First, it is based on an incorrect understanding of the facts. No prior strike allegation or charge was pleaded in the information related to his 2014 convictions. (Ans., Dkt. No. 14-2 at 2-24.) There were allegations that he committed serious and violent felonies (*e.g.*, *id.* at 5-6), but there is no prior conviction or

4

strike allegation against Gil in the information.

Second, this claim is not a proper habeas claim because success on it would not necessarily affect the length of his sentence. *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016) (en banc) (if relief will not "necessarily lead to immediate or speedier release," no federal habeas claim lies.) "Most courts have concluded that this type of [Proposition 57] claim, while it could potentially affect the timing of a parole release consideration hearing, still falls outside of the 'core of habeas corpus' and must be pursued (if at all) in a civil rights action under 42 U.S.C. § 1983 rather than in a habeas action."[1] *Mansour v. CDCR*, No. 3:19-cv-01325-AJB-LL, 2020 WL 1332422, at *3 n.2 (S.D. Cal. Mar. 23, 2020). This is because Proposition 57 only makes a prisoner "eligible for parole consideration, and does not command his release from prison." *Travers v. People of the State of California*, No. 17-cv-06126-SI, 2018 WL 707546, at *3 (N.D. Cal. Feb. 5, 2018). To obtain release, he still must be found suitable for parole. *Id.* "If he prevails on any of his [Proposition 57] claims, the remedy would be a parole consideration hearing rather than an outright release from prison." *Id.* This being the case, a prisoner's "only potential recourse in federal court is to file a § 1983 complaint because his claim falls outside the core of habeas corpus." *Id*; *see also Johnson v. Fed. Court Judges*, No. 2:20-cv-01134-JAK-JDE, 2020 WL 758787, at *6 (C.D. Cal. Feb. 14, 2020) (petitioner's claim was not within the core of habeas corpus because Proposition 57 only makes him eligible for parole and does not command his release); *Sandoval v. CSP Sacramento Warden*, No. 2:18-cv-1960 JAM DB P, 2019 WL 1438554, at *3 (E.D. Cal. Mar. 1, 2019) ("Because success on a Proposition 57 claim will not necessarily lead to immediate or speedier release, such claims must be alleged as civil rights claims, not habeas claims."); *Solano v. California Substance Abuse Treatment Facility*, No. CV 17-2671-RGK (AGR), 2017 WL 5640920, at

---

[1] If Gil had raised his claim by way of a civil rights action under 42 U.S.C. § 1983, it is unlikely that he would have obtained relief. Federal district courts have repeatedly found that Proposition 57 claims under § 1983 are not cognizable because they raise a question of state law, not whether a state actor has violated a person's federal rights. *Stewart v. Borders*, No. EDCV 19-1369-MWF (KS), 2019 WL 3766557, at *5 (C.D. Cal. Aug. 9, 2019) (collecting cases).

5

*2 (C.D. Cal. Oct. 24, 2017) (same).

Furthermore, the claim concerns a matter of the interpretation and application of state law, and therefore it is not within the purview of federal habeas. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (errors of state law are not remediable on federal habeas review, even if state law was erroneously applied or interpreted.) Also, the state supreme court's interpretation of state law binds this federal habeas court. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

If I could adjudicate the matter, there is nothing in the record to support Gil's claim that his time credits were incorrectly calculated. In April 2018, Gil had a time credit computation hearing. (Ans., Third Level Appeal Decision, Dkt. No. 14-8 at 2.) He was informed that he was not eligible to earn credits when he was first received into the CDCR, but with the implementation of Proposition 57, he began earning 20% credit toward his Minimum Eligibility Parole Date, which changed from February 7, 2028 to December 13, 2025. (*Id.*) This rate of credit earning complies with state regulations for a person convicted of a violent felony, which here is the attempted murder convictions. *See* 15 CCR § 3043.2(b)(2). Gil was also informed he could earn Milestone Completion Credits, Rehabilitation Credits, and Educational Merit Credit under Proposition 57, but he had not participated in the programs that would earn him those credits. (*Id.*)

Upon an independent review of the record, I conclude that the state court's denial of the claim was not objectively unreasonable and is entitled to AEDPA deference. This claim is DENIED.

## II. DENIAL OF FAMILY VISITS

Gil's claim that the CDCR violated his Eighth Amendment rights by denying him family visits will be denied because success on this claim will not affect the length of his incarceration. It concerns the conditions, not the validity or duration, of his confinement. That claim is not the proper subject of a habeas action. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus action proper mechanism for challenging "legality or duration" of confinement).

If Gil's claim could be adjudicated here, it would fail on the merits because his sex offense conviction under California Penal Code § 261.5 renders him ineligible under state regulations to receive family visits. "Family visits shall not be permitted for inmates convicted of a violent offense . . . or any sex offense, which includes [a conviction under] Penal Code section[] . . . 261.5." 15 Cal. Code Regs. § 3177(b)(1). When Gil filed a prison grievance regarding visitation, it was denied:

> In 2014, the [petitioner] was informed of a visiting restriction with minor children because of his conviction of PC 261.5 and this restriction remains in place. Regarding his eligibility for family visiting, the examiner notes that the classification committee of June 15, 2017, found the [petitioner] ineligible for family visiting due to his conviction for PC 261.5 Unlawful Sex/Victim under 18. Pursuant to CCR 3177(b), this determination is appropriate as family visits shall not be permitted for inmates convicted of a violent offense involving a minor or family member or any sex offense which includes PC 261.5.

(Ans., Third Level Appeal Decision, Dkt. No. 14-8 at 2-3.)

Gil claims that the CDCR denied him visitation under the "violent conviction" bar imposed by § 3177. (Pet., Dkt. No. 1 at 10-11.) He contends that the 2011 abstract of judgment incorrectly reflects that his conviction for sexual intercourse with a minor (Cal. Penal Code § 261.5) is a violent felony, and that the CDCR based its grievance decision on that erroneous designation. (*Id.*) However, as the above record indicates, the CDCR based its decision on the "sex offense" bar imposed by § 3177. So if Gil's claim could be considered on the merits, it would be denied. I note that Gil's claim was summarily denied by the state supreme court. (Ans., Dkt. No. 14-11.)

Upon an independent review of the record, I conclude that the state court's denial of the claim was not objectively unreasonable and is entitled to AEDPA deference. This claim is DENIED.

### III. ASSISTANCE OF COUNSEL

Gil claims that his defense counsel in his 2014 case rendered ineffective assistance by his "failure to investigate or object to use of a prior" and by failing "to investigate

7

validity of prior strike allegations." (Pet., Dkt. No. 1 at 13.) He contends that this failure resulted in his having a prior strike conviction, which the CDCR later used as the basis to deny him family visitation privileges and time credits. (*Id.*) Gil's claim was summarily denied by the state supreme court. (Ans., Dkt. No. 14-11.)

Habeas relief is not warranted because Gil's claim is based on incorrect facts. There were allegations that he committed serious and violent felonies (*e.g.*, *id.* at 5-6), but no prior strike allegation or charge was pleaded in the information related to his 2014 convictions. (*Id.*, Dkt. No. 14-2 at 2-24.) Because there was no prior strike allegation or charge to investigate, counsel's alleged inaction did not constitute a deficient performance. Nor did counsel's alleged inaction result in prejudice. Gil has not shown that counsel rendered ineffective assistance. *Strickland v. Washington*, 466 U.S. 668, 687-68, 694 (1984) (in order to prevail on an ineffective assistance of counsel claim, a petitioner must show counsel's performance was deficient and that this deficient performance resulted in prejudice).

Upon an independent review of the record, I conclude that the state court's denial of the claim was not objectively unreasonable and is entitled to AEDPA deference. This claim is DENIED.

## CONCLUSION

The state court's adjudication of Gil's claims did not result in decisions that were contrary to, or involved an unreasonable application of, clearly established federal law, nor did they result in decisions that were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Gil may seek a certificate of appealability from the Ninth Circuit Court of Appeals.

1   The Clerk shall enter judgment in favor of respondent and close the file.
2   **IT IS SO ORDERED.**
3   **Dated:**  September 16, 2021



WILLIAM H. ORRICK
United States District Judge